### BENNETT v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas. Ft. Worth. June 7, 1913. Rehearing Denied July 5, 1913.)

1. COURTS (§ 91*)—PRECEDENTS—DECISIONS OF HIGHER COURTS.

Regardless of the inclination of the members of the Court of Civil Appeals, that court will follow a decision of the Supreme Court, the effect of which has not been destroyed or weakened by later decisions, although vigorously criticised by text-writers and out of harmony with the decisions of other states.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. § 91.*]

2. MASTER AND SERVANT (§ 129*)—LIABILITY FOR INJURIES—PROXIMATE CAUSE.

The negligence causing a fire was not the proximate cause of the death of an employé, caused by injuries sustained while fighting such fire.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

3. TRIAL (§ 142*) — QUESTIONS OF LAW OR FACT.

Whenever the evidence reasonably authorizes an inference supporting a material issue necessary for a recovery, it is the duty of the court to submit the issue to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 337; Dec. Dig. § 142.*]

4. NEGLIGENCE (§ 136*) — QUESTIONS FOR JURY.

The issues of a defendant's negligence, and the proximate cause of an injury on account of which a recovery is sought, are nearly always questions for the jury, and never become questions of law for the court, when there is evidence of probative force in support of the issue.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

5. MASTER AND SERVANT (§§ 285, 286*)—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

Where there was evidence that an employé, inexperienced in fighting fire, was directed by his superior, whose command it was his duty to obey, to enter a superheated and flame-swept area, and endeavor to quench and prevent a further spread of the flames, that no warning was given him, except that he should come out when he got too hot, that after his entrance within the influence of the heat cold water was thrown upon him, which possibly served to deceive him and caused him to remain too long, and that he received injuries from the fire and from inhaling smoke and flame, resulting in his death, it was a question for the jury whether the employer was negligent, and whether such negligence was the proximate cause of his death.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001–1003, 1006–1008, 1010–1016, 1017–1035, 1036–1044, 1046–1050, 1053; Dec. Dig. §§ 285, 286.*]

6. MASTER AND SERVANT (§§ 101, 102*)—LIABILITY FOR INJURIES — UNSAFE PLACE TO WORK.

It is the duty of the master to exercise at least ordinary care to provide his servants with a reasonably safe place to work, and not to expose them to unknown and unappreciated hazards.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

7. MASTER AND SERVANT (§ 217*)—LIABILITY FOR INJURIES—ASSUMPTION OF RISK.

A servant assumes dangers that are obvious, or of which in the necessary discharge of his duties he must know, but does not assume, without due warning, unknown and unappreciated dangers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Mrs. Lillie M. Bennett, administratrix, against the Gulf, Colorado & Santa Fé Railway Company. From a judgment on a directed verdict for defendant, plaintiff appeals. Reversed and remanded.

Stone & Wade, of Ballinger, and S. C. Padelford, of Cleburne, for appellant. Lee & Lomax, of Ft. Worth, and Brown & Lockett, of Cleburne, and Terry, Cavin & Mills, of Galveston, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

CONNER, C. J. The appellant, Mrs. Lillie M. Bennett, administratrix of the estate of Howard C. Bennett, deceased, instituted this suit as such administratrix and in her own right and for the use and benefit of their minor children, to recover damages for the death of said H. C. Bennett, alleged to have been caused by the negligence of the appellee railway company. The pleadings are voluminous, but we think for the purpose of our disposition it will be sufficient to state them briefly. In substance, it was alleged that in August, 1912, the defendant corporation was operating a line of railway, and as incident thereto owned and maintained, in the town of Cleburne, Johnson county, certain machine shops, roundhouses, numerous storage tracks, upon which were located a large number of oil tanks, oil tank cars, coaches, box cars, a large amount of lumber, and other material, all of which was closely related, and all of which was highly inflammable, and of very great value; that on or about the 12th day of said August an employé of the defendant company descended with a burning light through a manhole into a certain oil car, situated upon one of the switch tracks, and contiguous to the inflammable material mentioned; that said oil car, because of negligence in those whose duty it was to properly clean it, contained oil and gas which, coming in contact with the light of the employé descending through the manhole, exploded, threw burning oil and gas upon the adjoining inflammable material, thus causing a very great fire; that the said H. C. Bennett was at the time an employé of the defendant company, and in obedience to a warning immediately given, and to a rule of the company so requiring, as well also as to a personal command of the defendant's superintendent and fire chief, entered into the zone of the fire so created, and received burns and injuries from which he later died. It was alleged that the negligent origin of the fire was a proximate cause of his death. It was also alleged that the said Bennett was inexperienced in fighting fire, and ignorant of the danger in coming in close proximity to and in contact with such a fire as was raging at the time; that he was not warned of such danger at the time that he was ordered into it; that after entering within the influence of the fire as he did, cold water was thrown upon him, which tended to deceive him, and cause him to remain longer under its influence than he otherwise would, and it was charged that the act of the superintendent and fire chief, in ordering him into the fire under the circumstances, constituted negligence which proximately resulted in the death of said Bennett. Upon the conclusion of the evidence the court gave a peremptory instruction in appellee's favor, and, the verdict and judgment being in accordance with the instruction, the case is now presented to us upon the errors assigned.

[1, 2] It is in effect conceded, as indeed we think it must be, that the evidence raised the issue of a negligent origin of the fire; but, as stated to us on the submission, the court upon the authority of the case of Seale v. G., C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, concluded that, even though the issues of negligence should be determined in favor of the plaintiff, the negligence charged could not constitute a proximate cause of the death of said H. C. Bennett, and this, therefore, becomes a material inquiry. The facts in the Seale Case are to the effect that the defendant railway company negligently caused a fire in the accumulated material on its right of way, which was communicated to the grass in an adjoining field and threatened the fence and other property of the owner; that the wife of the owner, and his daughter, about 15 years of age, went to the fire, and the little girl, in attempting to extinguish the fire, was burned to such an extent that she died. The decision, which is exceptionally clear in its treatment of the law on the subject, was to the effect that the negligence of the company in originating the fire was not the proximate cause of the little girl's death. In the court's application of the law to the facts of that case, however, the decision has been vigorously criticised by the author of "Street on Personal Injuries in Texas," pp. 91, 614, and notes, and expressly repudiated by the Supreme Court of Illinois in the well-considered case of Ill. Cen. Ry. Co. v. Siler, 229 Ill. 390, 82 N. E. 362, 15 L. R. A. (N. S.) 819, 11 Ann. Cas. 368, which in its circumstances is very similar to the Seale Case. The Seale Case also seems out of harmony with numerous other decisions cited by appellant in the case now before us. But notwithstanding the criticisms referred to, and of the conflict between the decision in the Seale Case and other less authoritative decisions, we have been unable to find any clear expression of our own Supreme Court which destroys or weakens the effect of the case of Seale v. G., C. & S. F. Ry. Co., and we, therefore, regardless of the inclination of some of us to the contrary view, feel impelled to now apply the Seale Case as authoritative. This being true, we see no way to distinguish the case now before us from the Seale Case in so far as the negligence of defendant company in originating the fire is to be considered. In other words, if the negligence alleged in the Seale Case could not legally constitute a proximate cause of the death of the little girl there burned, we cannot apprehend how the negligence of the defendant company in originating the fire under consideration can be held to be a proximate cause of Bennett's death, and thus far we feel constrained to approve the trial court's ruling.

[3, 4] In a further consideration of the case, however, we think we must announce a different conclusion. Whenever the evidence reasonably authorizes an inference sup-

porting a material issue necessary for a recovery, it is the duty of the court to submit the issue to the jury. And the issues of a defendant's negligence, and the, proximate cause of an injury on account of which a recovery is sought, are in almost every case questions for the jury. They never become questions of law for the court alone, when there is evidence of probative force in support of the issue. See Choate v. S, A. & A. P. Ry. Co., 91 Tex. 409, 44 S. W. 69; Heatherly v. Little, 40 S. W. 445; Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Mexican Natl. Ry. Co. v. Mussette, 86 Tex. 708–718, 26 S. W. 1075, 24 L. R. A. 642; Temple Electric Light Co. v. Halliburton, 136 S. W. 585.

[5] The question then is, is there any evidence fairly raising an inference of negligence on the part of appellee's servants in ordering H. C. Bennett into the fire, and if so, whether such negligence was a proximate cause of his ultimate death? We think the evidence does raise these issues, and that hence they should not have been taken away from the jury by the court's peremptory charge. Appellants insist that the petition upon which the trial proceeded was sufficient to charge negligence in permitting the deceased to remain subject to the intense heat as long as he did, but we hardly feel prepared to adopt this construction of the petition. It is, however, plainly alleged, and there was evidence tending to show that the deceased was inexperienced in fighting fire; that the fire was raging furiously, and the heat very great, when one of the appellee's servants, whose command it was the duty of the deceased to obey, ordered him to enter a superheated and flame-swept area and endeavor to quench and prevent a further spread of the flames; that at the time of this order no warning was given him other than that he should come out when he got too hot; that after the deceased's entrance within the influence of the heat cold water was thrown upon him, which, it is true, experienced fire fighters testified was proper, yet which, perhaps, also, as appellant alleges, served to deceive Bennett, and caused him to remain until he received injuries from the fire and inhaled the smoke and flame, ultimately resulting in his death. The circumstances recall the Bible story of Nebuchadnezzar's rage as recited in the third book of Daniel, over the refusal of three young Israelitish men to observe his command. It is said that he directed his servants to heat a furnace "seven times more than it was wont to be heated," and commanded the most mighty men of his army to bind and cast into the fiery furnace the young Israelites, and it is further said that "therefore, because the king's commandment was urgent, and the furnace exceeding hot, the flame of the fire slew those men that took up Shadrach, Meshach and Abednego." Can it be said as a matter of law that the Babylonian king, in commanding as he did, was duly mindful of the welfare of his servitors? Or that the command was not a proximate cause of the death of those who approached the furnace near enough to cast therein the young men who had so offended the king?

[6, 7] The principles of law to be applied are familiar, and need no citation of authority. It is the duty of the master to exercise at least ordinary care to provide his servant with a reasonably safe place to work, and not to expose him to unknown and unappreciated hazards. It is true the servant is held to assume dangers that are obvious, or of which in the necessary discharge of his duties he must know, but he does not assume, without due warning, unknown and unappreciated dangers. As stated, the evidence tends to show that Bennett was without experience in fighting fire. He, of course, knew that the fire would burn if he came in contact with it, but he may not have known the danger involved in entering and remaining as long as he did in the intense heat within which he was ordered, especially in view of the circumstance that the heat was rendered less obvious by the constant application of cold water. The evidence tends to show that the deceased was a trusted employé, and that he was faithful is evidenced by the fact that he strenuously continued in the effort to save his master's property until he was inflicted with his death injuries. We think it was for the jury to say whether, under all of the circumstances the master was guilty of a want of due care or negligence in so ordering, without warning, the deceased to enter the place that he did.

We are also of the further opinion that it should have been left to the jury to determine whether the negligent command of the master was, under the circumstances, the proximate cause of Bennett's injuries. The general rule is that "when a defendant has violated a duty imposed upon him by the common law, he should be held liable to every person injured, whose injury is the natural and probable consequence of the misconduct, and that the liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act." Seale v. G., C. & S. F. Ry. Co., supra, 65 Tex. 278, 57 Am. Rep. 602. We do not think it can be said as a matter of law that the master, under the circumstances stated, could not have reasonably anticipated injury to Bennett similar to those received. Thus in the well-known case where the defendant threw a lighted squib into a crowd of people, one after another of whom, in self-protection, threw it from him until it exploded near the plaintiff's eye and blinded him, it was held that the defendant's original wrongful act of throwing the squib into the crowd was the proximate cause of the

plaintiff's injuries. In the case of Railway v. O'Leary, 136 S. W. 601, a defendant railway company, in negligently jarring and jolting a train loaded principally with fireworks and oil, caused an explosion resulting in a fire. A fire signal was sounded, and a number of the city fire company responded for the purpose of aiding in extinguishing the fire, when an explosion occurred which caused the death of the fireman. It was held that the defendant could have anticipated the response of the fireman, and that he might be thus brought within the range of explosions, and that therefore the original negligence in causing the explosion was the proximate cause of the death involved in that controversy. In the case of Temple Electric Light Co. v. Halliburton, supra, the light company had placed an insulated wire, heavily charged with electricity, near a telephone wire extending into the house of the deceased. The electric wire came in contact with the telephone wire, causing blazes to be emitted, and the deceased, in attempting to cut the telephone wire with iron pinchers for the purpose of preventing a firing of his premises, was killed in the effort. It was held that the company was liable, although the deceased had been warned that it was dangerous to attempt to cut the telephone wire as he did. The approval of the judgment by our Supreme Court, as was done by a refusal of a writ of error, necessarily involved the conclusion that the original negligence of the electric light company was a proximate cause of the death. In the case of Serafina v. G., H. & S. A. Ry. Co., 42 S. W. 142, where the railway company had negligently caused fire to spread to a man's house and set it on fire, his wife being thus driven out of the house into the cold, by reason of which she was injured, it was held that the negligent act of the railway company in originating the fire was the proximate cause of the wife's injury. In Railway v. Johnson, 51 S. W. 531, the railway company emitted sparks on its road, and set fire to the clothes of a child. It was held that the negligence of the company in emitting the sparks was the proximate cause of the child's resulting injuries. Many other cases might well be cited, but those given, we think, will illustrate the views already expressed.

We should, perhaps, add that we have not discussed any supposed defense of assumed risk or of contributory negligence on the part of H. C. Bennett, for the reason that, under title 115, c. 14, of the Revised Statutes of 1911, contributory negligence is in no event an absolute bar to recovery, and an assumed risk is not a defense in cases where a person of ordinary care would have continued in the service with a knowledge of the defect and dangers. These are issues, therefore, that may or may not be important upon a trial, but have not been deemed to be so, under the evidence before us, for the purpose of the present decision.

We conclude that the court erred in taking the case from the jury and giving the peremptory charge he did. It is accordingly ordered that the judgment be reversed, and the cause remanded for a new trial.