WHEATON v. WESTON, & CO.

(District Court, E. D. Pennsylvania. August 3, 1903.)

No. 9.

1. SHIPPING—ACTION FOR BREACH OF CHARTER PARTY—FAILURE TO AFFIX REQUIRED REVENUE STAMP.

Under the provisions of War Revenue Act June 13, 1898, c. 448, 30 Stat. 460, which require charter parties to be stamped, and make unstamped instruments which are within its provisions incompetent as evidence, an action cannot be maintained for breach of an unstamped charter party which was executed while such provisions were in force, and which was subject to tax thereunder, for want of competent evidence of the contract.

2. INTERNAL REVENUE—WAR REVENUE TAX—CHARTER PARTIES.

The words "registered tonnage," in War Revenue Act June 13, 1898, c. 448, Schedule A, 30 Stat. 460, imposing a stamp tax on contracts for

the charter of "any ship or vessel or steamer," graduated according to the registered tonnage of such ship, vessel, or steamer, are not used in a technical sense, and to be applied only to the particular class of vessels known as "registered vessels," as distinguished from "enrolled or licensed vessels," which would exempt from the tax all but such registered vessels, but is of broader scope, and applies to every ship that is required to be measured and to have her measurements recorded.

In Admiralty.   On final hearing.

Willard M. Harris, for libelant.

Francis C. Adler, John F. Lewis, and Horace L. Cheyney, for respondents.

J. B. McPHERSON, District Judge.   This action is founded upon the breach of a charter party, and includes several items of claim, to each of which an appropriate defense has been taken.   I shall only notice, however, the general defense that is made to all the items, namely, that the charter party, which was executed in October, 1899, was not stamped as required by the war revenue act of June 13, 1898, 30 Stat. 460, c. 448, 2 Supp. Rev. St. 793.   The relevant provisions of the act are as follows:

"Charter Party:   Contract of agreement for the charter of any ship, or vessel, or steamer, or any letter, memorandum or other writing between the captain, master, or owner, or person acting as agent of any ship, or vessel, or steamer, or any other person or persons, for or relating to the charter of such ship, or vessel, or any steamer, or any renewal or transfer thereof, if the registered tonnage of such ship, or vessel, or steamer, does not exceed 300 tons, $3.00.   Exceeding 300 tons and not exceeding 600 tons, $5.00.   Exceeding 600 tons, $10.00."

And by section 7:

"That if any person or persons shall make, sign, or issue, or cause to be made, signed, or issued, any instrument, document, or paper of any kind or description whatsoever, without the same being duly stamped for denoting the tax hereby imposed thereon, or without having thereupon an adhesive stamp to denote said tax, such person or persons shall be guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not more than $100, at the discretion of the court; and such instrument, document, or paper, as aforesaid, shall not be competent evidence in any court."   30 Stat. 452, c. 448, 2 Supp. Rev. St. 784 [U. S. Comp. St. 1901, p. 2292].

The charter party in question required a $5 stamp, but when offered in evidence was found to be without a stamp of any denomination. Objection to the admission of the paper was immediately made by the respondents, and was insisted upon at the argument of the case. In view of the foregoing provisions of the statute, it seems to me to be unnecessary to discuss the matter.   The paper, having been unstamped, is not competent evidence, and cannot be considered.   There is nothing, therefore, before the court to show what the contract between the parties was, and the foundation of the libelant's case is accordingly destroyed.

A decree may be entered dismissing the libel, with costs.

On Rehearing.

(March 1, 1904.)

A reargument of this case has been had, in deference to the after-discovered opinions of the attorney general, delivered August 5, 1898,

and December 2, 1898 (22 Attorney General's Opinions, 168, 270), to the effect that the words "registered tonnage" were used in a technical sense by the act of 1898 (30 Stat. 460; 2 Supp. Rev. St. 793), and are to be applied to "a particular class of vessels known as registered vessels, as distinguished from enrolled vessels and licensed vessels." The ship whose charter party was in question was either an enrolled or a licensed vessel, and, if the opinions referred to are correct, the charter party did not require a stamp at all. I regret to be obliged to differ from the conclusion reached by the attorney general, but I cannot help believing that the clause of the war revenue act that is under consideration was not concerned with the difference between registered vessels and vessels that had not been registered, but was chiefly concerned with the capacity of the ship, and intended to lay the tax in proportion to the ability of the ship to carry cargo, and her ability, therefore, to earn profits for the owners. It is true that registered vessels form a distinct class, which are dealt with in title 48 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2801–2954], and that enrolled vessels and licensed vessels form two other classes, which are dealt with in title 50 [U. S. Comp. St. 1901, pp. 2957–2997]; but so far as the tonnage of each class is concerned, this is ascertained by precisely the same method of measurement, and is registered in the same office, namely, in the collector's office of the proper district. See sections 4152, 4155, 4312, 4319, 4321, and 4322 [U. S. Comp. St. 1901, pp. 2812, 2822, 2859, 2961, 2964]. The phrase "registered tonnage" is applied indiscriminately to these three classes, and means, I think, merely the capacity that has been ascertained and registered as provided by law, no matter what the size or business of the ship may be. I have never seen the phrase "enrolled tonnage" or "licensed tonnage"; so far as I know, "registered tonnage" is the language that is always used, whether the ship is engaged in foreign trade, or in domestic trade, or in the coasting trade or the fisheries. Take, for example, the act of 1882 (Act Aug. 5, 1882, c. 398, 22 Stat. 300, 1 Supp. Rev. St. 378) which amends section 4153 of the Revised Statutes [U. S. Comp. St. 1901, p. 2812]. The act applies to "every vessel of the United States," makes certain provisions concerning measurement, and then declares that, after the proper deductions are made from the gross tonnage, "the remainder shall be deemed the net, or register, tonnage of such vessels," thus applying the words "register tonnage" to every vessel, whether registered, enrolled, or licensed. And the sentence immediately succeeding seems to me to be conclusive:

"That the register or other official certificate"—this "other official certificate" is the enrollment or license that is provided for by sections 4319 and 4321 of the Revised Statutes—"of the tonnage or nationality of a vessel of the United States, in addition to what is now required by law to be expressed therein, shall state separately the deductions made from the gross tonnage and shall also state the net or register tonnage of the vessel. But the outstanding registers or enrollments of vessels of the United States shall not be rendered void by the addition of such new statement of her tonnage, unless voluntarily surrendered," etc.

Here the phrase in question is expressly used concerning both registered and enrolled vessels, and I am unable to see anything in the foregoing clause from the act of 1898 to suggest that the meaning of

the phrase was intended to be limited. On the contrary, as the purpose of the statute was to raise revenue, it seems unlikely that the largest class of charter parties—those dealing with vessels engaged in domestic, or the coasting, trade—should be exempted, unless there was some good reason why such instruments should not be taxed. No such reason was suggested upon the reargument, and none is given in the opinions that have been cited. With great deference, therefore, I venture to think that the attorney general—or his assistant, by whom the opinions were prepared—may have inadvertently confused registered vessels with registered tonnage; for "registered vessels" is undoubtedly a technical term, and is only applied to one class of ships, while "registered tonnage" is of broader scope, and is continually applied to every ship that is required to be measured and to have her measurements recorded.

The decree originally directed may be entered, dismissing the libel, with costs.