[Civ. No. 11893.   First Dist., Div. One.   Mar. 26, 1942.]

M. CRIVELLO et al., Appellants, v. COUNTY OF SAN DIEGO et al., Respondents.

Sloane & Steiner for Appellants.

James B. Abbey, District Attorney, and William A. Glen, Chief Deputy District Attorney, for Respondents.

KNIGHT, J.—Plaintiffs appeal from a judgment in favor of defendants in an action brought against the County of San Diego and its tax assessor to recover personal property taxes paid under protest on two boats for the year 1939. Each boat was of more than fifty tons burden, and the refund was sought upon the theory that said boats were exempt from taxation under section 4 of article XIII of the state Constitution which provides: ''All vessels of more than fifty (50) tons burden registered at any port in this State and engaged in the transportation of freight or passengers shall be exempt from taxation except for State purposes until and including the first day of January, 1955.'' The cause was decided in favor of the defendants upon the authority of *Dragich* v. *County of Los Angeles,* 30 Cal. App. (2d) 397 [86 Pac. (2d) 669], and plaintiffs make no claim that the facts of the present case differentiate it from that case; but they contend that the construction there placed upon the meaning of said constitutional provision is erroneous; and by this appeal they seek to have that decision repudiated. In this respect plaintiffs in the opening statement of their opening brief frankly state: ''This appeal is taken for the purpose of testing the soundness of a decision of First Appellate District, Division Two, wherein a judgment of the Superior Court of Los Angeles County was reversed, *Dragich* v. *County of Los Angeles,*

30 Cal. App. (2d) 397 [86 Pac. (2d) 669]. Petition for hearing in the Supreme Court was denied.''

In this case, as in that one, the boats involved were engaged in the fishing industry. After leaving port they proceeded many miles distant to the fishing grounds, manned by a fishing crew, and carrying only fishing equipment and sufficient food to supply the crew until the return to port with the catch of fish. The boats involved in the Dragich case were purse seiners, while those here involved were operated as bait fishing boats, and brought back the catch in refrigeration.

In the Dragich case it was held ''that the phrase 'engaged in the transportation of freight or passengers' as found in said section [4 of article XIII of the Constitution] means 'engaged in the transportation of property or persons for hire' ''; and the ground upon which plaintiffs base their attack upon the soundness of the decision is that since the constitutional provision does not employ the words ''for hire'' the decision therein has in effect written those words into the Constitution. Plaintiffs then argue that by so doing the court exceeded its judicial power. The record in the Dragich case discloses, however, that counsel for the boat owners herein were of counsel for the boat owners in that case, and that one of the major questions presented by the appeal therein was whether it was intended by said constitutional provision to exempt from county taxation all vessels of the specified tonnage, or only those engaged in the transportation of property or persons for hire. The record in that case further discloses that said question was extensively argued in the briefs by the respective parties; and it appears from the opinion subsequently rendered therein that said question was fully considered by the reviewing court and proved to be the controlling question on the appeal. In holding adversely to the contention made by the boat owners the court said in part: ''It is at once apparent that said section was not intended to exempt all vessels of the specified tonnage but only those 'engaged in the transportation of freight or passengers.' This phrase must be given some meaning. If it be given the broad meaning contended for by respondents, it would only be necessary that the vessel be used for the conveyance of property or persons. But to give this phrase such meaning would be to render it meaningless as all vessels are used for the conveyance of either property or persons or both.'' Being dissatisfied with the decision the

boat owners petitioned for a hearing in the Supreme Court; and in addition numerous amici curiae briefs were filed in behalf of several large boat owners. In the petition for a hearing and in said briefs the same attack was made upon the soundness of the decision therein as is here made. It was based on the same points and the same argument; and the Supreme Court denied a hearing. The order of denial was made on March 20, 1939, and so far as our attention has been called nothing has transpired since then to alter the situation. It is our conclusion, therefore, that the decision in the Dragich case is decisive of the present appeal.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.