FILED
*November 30, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No oral argument requested

## Nos. 03-15-00675-CV,
## 03-15-00676-CV
(Houston-sized progress!)

In The
COURT OF APPEALS
THIRD DISTRICT OF TEXAS

**GERALD STEVENS,**
**Respondent (JP) – Appellant/Respondent (de novo) – Appellant,**

**v.**

**STATE OF TEXAS,**
**Plaintiff – Appellee/Plaintiff – Appellee.**

(Brief Due: Nov. 23, 2015)

On Interlocutory Appeal from
COUNTY COURT AT LAW NUMBER 5
OF TRAVIS COUNTY

Nos. C-1-CR-15-100025, C-1-CR-15-100026
STEVENS v. STATE (both should be CV)

On consolidated appeal (trial de novo) from consolidated trial
in the JP Court in Austin,
STATE v. STEVENS

**STEVENS'S BRIEF**

GERALD STEVENS
3117 Fontana Drive
Austin, Texas 78704

RECEIVED
NOV 3 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## Identity of Parties and Counsel

| **Appellant** | **Appellee** |
|---|---|
| GERALD STEVENS<br>3117 Fontana Drive<br>Austin, Texas 78704<br>jstvs@startmail.com | STATE OF TEXAS<br><br>By: COUNTY ATTORNEY<br>P.O. Box 1748<br>Austin, TX 78767 |

## Record References

There are five components.

03-15-675-CV is "R.675.page_number(s)."

03-15-675-CV "1st Supplemental" is "R.675.Supp.1.page_number(s)."

03-15-676-CV is "R.676.page_number(s)."

03-15-676-CV "1st Supplement" is "R.676.Supp.1.page_number(s)."

The Transcript is Tr.page_number(s).

Where the item is identical in both Records, "(both)," reference is made to whichever Record has that document. *See* the Records correlation Index in the Appendix.

# Table of Contents

STEVENS'S BRIEF ........................................................................................ i

Identity of Parties and Counsel ....................................................... ii

Record References ............................................................................ ii

Index of Authorities ........................................................................ vii

Statement of the Case ..................................................................... xii

    Nature of the Case ...................................................................... xii

    Course of Proceedings ................................................................ xii

        JP court. ................................................................................ xii

        County court – on appeal/trial de novo. ............................ xiii

    JP Court Disposition .................................................................. xiii

    County Court Disposition ........................................................... xiii

No Oral Argument Requested ........................................................ xiii

Issues Presented ............................................................................. xiv

Statement of Facts ............................................................................ 1

    No Evidence .................................................................................. 1

    STATE's Facially Insufficient Pleading(s) .................................. 2

    No Service .................................................................................... 2

Summary of the Argument ................................................................ 2

    One more time, no evidence ........................................................ 2

    One more time, no personal jurisdiction ..................................... 3

        One more time, no competent pleading. .............................. 3

One more time, no Service. .................................................................... 3

One more time, no subject matter jurisdiction ..................................... 4

One more time, no standing. ................................................................ 4

Fortunately, the stay is automatic ...................................................... 4


**Argument** ........................................................................................... 4

No Personal Jurisdiction. .................................................................... 4

Issue 1:   Was it error to deny the Special Appearance? ................... 4

STATE filed no original pleading. .................................................. 4

Nothing signed by an attorney for STATE. ................................. 4

No Affidavit. ............................................................................... 5

STATE served no original pleading. ............................................... 5

Not liable in capacity charged – no commercial nexus. ................... 7

"Complaint" asserts only legal conclusions. .................................... 8

What does "Transportation" mean? The elements. .................... 8

Removing people and/or property. ........................................... 9

From one place to another. ...................................................... 9

** For hire. ** .......................................................................... 9

Under the choice of law of the "place" called "this state.". .............. 10

No evidence – which would look/sound like this ......................... 10

What does "Vehicle" mean? The elements. ................................. 10

What does "Motor Vehicle" mean? The elements. ...................... 11

---

**No Notice.  No commercial nexus.**

What does "Drive" (in its various grammatical forms) mean? The elements. .................................................................................... 12

What does "Operate" (in its various grammatical forms) mean? The elements. .................................................................................... 13

If STATE would serve a pleading so that such could be addressed, it'd be plain that STATE has never pled a claim. .................................... 14

Lack of Notice goes *beyond* just lack of personal jurisdiction. ................ 14

In short, all that is in the making here is a void judgment. ........................ 14

No Subject Matter Jurisdiction ........................................................... 15

Issue 2:   Was it error to deny the Plea to the Jurisdiction? ...................... 15

No pleading. .................................................................................... 15

No standing. .................................................................................... 16

STATE's silence from the threshold. ................................................... 16

There's no evidence of "transportation." .............................................. 16

Going deeper into the definition – "transport." ..................................... 17

Black's Law Dictionary. ................................................................ 17

Webster's Dictionary 1828. ............................................................. 17

*Hinton.* ........................................................................................ 19

*Bearden.* ..................................................................................... 19

A broad definition, and the reason for such. ..................................... 20

"Transports" in the context of "farm labor contractor." ..................... 20

"Transports" and controlled substances – distinguishing "how" and "why." ....................................................................................... 21

---

"Transports" and taxes. ................................................................. 22

"Transports" and Prohibition-era intoxicating liquors. .......................... 23

"Transports" and concealed weapons. ................................................ 24

In sum, the Transp. Code regulates commerce *only*. ............................ 24

The algebraic dependence of these other terms on "transportation." .......... 25

Subject matter jurisdiction can't be "agreed to." .................................. 25

Relieving STATE of Burden; Irrebuttable presumptions. ........................ 25

Use of irrebuttable presumptions violates Due Process. ......................... 26

The rulings are void. ..................................................................... 27

Request for Relief ........................................................................ 27

Certificate of Service .................................................................... 29

Certificate of Compliance .............................................................. 29

Appendix Contents ........................................................................ i

County Court ............................................................................... i

Index (to .pdf file page numbers of Record(s)) ..................................... i

# Index of Authorities

## Cases

*Alalunga Sport Fishers, Inc. v. County of San Diego*, 247 Cal. App. 2d 663 (Cal. App. 4th Dist. 1967)..................................................................22, 23

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)........................................26

*Armstrong v. Manzo*, 380 U.S. 545 (1965). .....................................................6, 15

*Austin v. New Hampshire*, 420 U.S. 656, 668 (1975) (Blackmun, J., dissent).......14

*Bailey v. Alabama*, 219 U.S. 219 (1910). ..............................................................8

*Bearden v. United States*, 320 F.2d 99 (5th Cir. 1963). ......................................20

**Berheide**, *United States v.*, 421 F.3d 538 (7th Cir. 2005). .....................................8

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000). ..............................27

*Boddie v. Connecticut*, 401 U.S. 371 (1971)........................................................15

*Brown v. Oaklawn Bank*, 718 S.W.2d 678 (Tex. 1986). .........................................7

*Brown v. State*, 122 S.W.3d 794, 799 (Tex. Crim. App. 2003). ...........................26

*Burns v. United States*, 501 U.S. 129 (1991). .......................................................7

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005).........................................16

*Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632 (1974)....................................26

**Commercial Equip.** *Leasing Co., Smith v.*, 678 S.W.2d 917 (Tex. 1984)............15

*Computize, Inc., v. NHS Comm. Group, Inc.*, 992 S.W.2d 608 (Tex. App.— Texarkana 1999, no. pet)......................................................................5

*Cornell Steamboat Co. v. United States*, 321 U.S. 634, 641 (1944) (Frankfurter, J., dissent)..................................................................................9

**Cosio**, *Chicago, R. I. & G. Ry. Co. v.*, 182 S.W. 83 (Tex. Civ. App. – Amarillo 1916, no writ)......................................................................................9

*County Court of Ulster County v. Allen*, 442 U.S. 140 (1979). ...........................26

*Cuellar v. United States*, 553 U.S. 550 (2008)....................................................21

*Dell Dev. Corp. v. Best Indus. Unif. Supply Co., Inc.*, 743 S.W.2d 302 (Tex. App.—Houston [14th Dist.] 1987, writ denied).................................................5

*Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 344 (1980) (Powell, J., and Stewart, J., dissent)..........................................................................14

**Diebold**, *United States v.*, 369 U.S. 654 (1962). .................................................26

*Dragich v. County of Los Angeles*, 30 Cal.App.2d 397, 86 P.2d 669 (Cal. App. 1939)..........................................................................................22, 23

*Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000)..............................25

*Elkins v. Moreno*, 435 U.S. 647 (1978)........................................................26

*Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598 (1943)...........25

*Fuentes v. Shevin*, 407 U.S. 67 (1972)......................................................7, 15

*Garcetti v. Ceballos*, 547 U.S. 410 (2006)......................................................5

*Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ)....................................................5

*GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752 (Tex. App.—Beaumont 2014, pet. denied)..............................................................................................8

*Hall v. State*, 661 S.W.3d 101 (Tex. Crim. App. 1983)...............................26

*Hamdi v. Rumsfeld*, 542 U.S. 507 (2004)...................................................7, 15

*Hammell v. State*, 198 Ind. 45 (Ind. 1926)................................................23

*Harris v. Hardeman*, 55 U.S. (14 How.) 334 (1852)......................................15

*Heckman v. Williamson County*, 369 S.W.3d 137 (Tex. 2012).......................25

*Heiner v. Donnan*, 285 U.S. 312 (1932)......................................................26

**Hinton**, *United States v.*, 222 F.3d 664 (9th Cir. 2000)..............................19

*In re E.R.*, 335 S.W.3d 816, 826 (Tex. App.—Dallas 2011, pet. granted) (dissent, MURPHY, J.), *rev'd* (dissent fully supported) 385 S.W.3d 552 (Tex. 2012).....6

*In re Marriage of Peace*, 631 S.W.2d 790 (Tex.App.—Amarillo 1982, no writ)....6

*In re Vlasak*, 141 S.W.3d 233 (Tex. App.—San Antonio 2004, no pet.)................6

*In re Winship*, 397 U.S. 358 (1970)............................................................26

*Industrial State Bank v. Wylie*, 493 S.W.2d 293 (Tex. Civ. App.—Beaumont 1973, no writ).............................................................................................5

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (opinion by Black, J.).......7, 15

**Iqbal**, *Ashcroft v.*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)..........8

**Johnson**, *Connecticut v.*, 460 U.S. 73 (1983)................................................26

*Jones v. Flowers*, 547 U.S. 220 (2006)......................................................7, 15

*Kuntoplast of Am., Inc. v. Formosa Plastics Corp. USA*, 937 S.W.2d 455 (Tex. 1996)......................................................................................................5

**Lacross**, *People v.*, 91 Cal. App. 4th 182 (Cal. App. 3d Dist. 2001)..................21

Appellant's Brief (STEVENS)
**No Notice. No commercial nexus.**
viii

*Leary v. United States*, 395 U.S. 6 (1969). .........................................26

*Lloyd v. Alexander*, 5 U.S. (1 Cranch) 365 (1803). ...........................6, 15

*Lozman v. City of Riviera Beach*, 133 S. Ct. 735 (2013)................8, 9, 10, 22, 25

*Mapco, Inc. v. Forrest*, 795 S.W.2d 700 (Tex. 1990) (orig. proc.)...................27

*Marshall v. Buntings' Nurseries, Inc.*, 459 F. Supp. 92 (D. Md. 1978)................20

*Maynard v. Texas*, 249 S.W. 473 (Tex. Crim. App. 1923)...........................9

*Michigan v. United States Army Corps of Eng'rs*, 911 F. Supp. 2d 739 (N.D. Ill. 2012)..............................................................20

*Miller v. Woods*, 872 S.W.2d 343 (Tex. App. – Beaumont 1994, orig. proc.).......27

*Milliken v. Meyer*, 311 U.S. 457 (1940)....................................7, 14

*Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324 (Tex. App.—El Paso 1994, writ denied). ....................................................5

*Mullane v. Cent. Hanover Trust Co.*, 339 U.S. 306 (1950). .....................6, 15

*Mullaney v. Wilbur*, 421 U.S. 684 (1975). ..................................26

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)............6

*N. Ga. Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975). ..................7, 15

*Pennock v. State*, 725 S.W.2d 414 (Tex. App. – Houston [1st Dist.] 1987, no pet). ...........................................................26

*Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)........................15

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007)....................14

*Rowland v. California Men's Colony*, 506 U.S. 194 (1993)......................5

*Sacramento Navigation Co. v. Salz*, 273 U.S. 326 (1927).......................17

*Salfi, Weinberger v.*, 422 U.S. 749 (1975).................................26

*Sandstrom v. Montana*, 442 U.S. 510 (1979)...............................26

*Scott v. Harris*, 550 U.S. 372 (2007). ...................................26

*Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969). .....................7, 15

*St. Clair Cnty v. Interstate Sand & Car Transfer Co.*, 192 U.S. 454 (1904). .........9

*Stanley v. Illinois*, 405 U.S. 645 (1972)..................................26

*Sydnor v Totman*, 6 Tex. 189 (1851). ...................................5

*Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).............25

*Tot v. United States*, 319 U.S. 463 (1942). ...............................26

*Twombly*, *Bell Atl. Corp. v.*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). .................................................................................. 8

*Velasco v. Ayala*, 312 S.W.3d 783 (Tex. App.—Houston [1st Dist.] 2009, no pet.). .................................................................................. 6

*Vlandis v. Kline*, 412 U.S. 441 (1973). ........................................ 26

*Williams v. Vermont*, 472 U.S. 14, 28 (1985) (dissent). ............. 14

*Wilson v. Dunn*, 800 S.W.2d 833 (Tex. 1990). .......................... 6

*Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). .................................... 8

**Statutes**

49 U.S.C. § 902(i)(1). ................................................................. 9

TEX. FIN. CODE § 392.301(a). ..................................................... 7

TEX. PENAL CODE § 32.43. ......................................................... 8

TEX. PENAL CODE § 46.15(b)(3). ............................................... 24

TEX. REV. CIV. STAT. ANN. art. 5069-11.02 (1986). .................. 7

TEX. TRANSP. CODE ANN. § 501.002(17). ................................ 11

TEX. TRANSP. CODE ANN. § 502.001(25). ................................ 11

TEX. TRANSP. CODE ANN. § 502.001(45). ................................ 10

TEX. TRANSP. CODE ANN. § 503.001(15). ................................ 10

TEX. TRANSP. CODE ANN. § 522.003(11). ................................ 12

TEX. TRANSP. CODE ANN. § 522.003(21). ................................ 11

TEX. TRANSP. CODE ANN. § 541.001(1). .................................. 13

TEX. TRANSP. CODE ANN. § 541.201(11). ................................ 11

TEX. TRANSP. CODE ANN. § 541.201(23). ................................ 10

TEX. TRANSP. CODE ANN. § 601.002(5). .................................. 11

TEX. TRANSP. CODE ANN. § 601.002(8). .................................. 13

TEX. TRANSP. CODE ANN. § 621.001(5). .................................. 11

TEX. TRANSP. CODE ANN. § 621.001(9). .................................. 10

TEX. TRANSP. CODE ANN. § 641.002(2). .................................. 13

TEX. TRANSP. CODE ANN. § 642.001(1). .................................. 11

TEX. TRANSP. CODE ANN. § 647.001(4). .................................................................. 11

TEX. TRANSP. CODE ANN. § 647.001(5). .................................................................. 13

TEX. TRANSP. CODE ANN. § 683.001(4). .................................................................. 11

TEX. TRANSP. CODE ANN. § 724.001(11) ................................................................. 13

TEX. TRANSP. CODE ANN. § 728.001(2). .................................................................. 11

TEX. TRANSP. CODE ANN. § 750.003(a) ..................................................................... 10

**Rules of Civil Procedure**

TEX. R. CIV. P. 7. ........................................................................................................ 5

TEX. RS. CIV. P. 99-117a ............................................................................................ 5

**Law Review Articles**

ROBERT W. CALVERT, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361 (1960) ................................................................... 16

## Statement of the Case

### Nature of the Case

"Civil" non-case. One more "no evidence" "transportation" matter.

### Course of Proceedings

<u>JP court.</u>

No Notice, as usual.

JP proceeded on "complaint only." <u>R.675.27</u>, <u>R.676.38</u>.

In response to court setting, STEVENS filed his Special Appearance and Plea to the Jurisdiction. <u>R.675.34</u>. Denied. <u>R.676.41</u>.

Objection to visiting judge denied. <u>R.676.17</u>.

STATE's Motion in Limine, effectively denying STEVENS's access to the court to put on his defense, **granted**. <u>R.676.18</u>.

Trial. STATE submitted no evidence of "transportation," as usual. STEVENS's Motion to Dismiss and Motion for Directed Verdict denied. STEVENS negated all remote notion of "transportation."

A very bright spot. An historic Instruction: **"Transport" means** to carry or convey from one place to another. <u>R.676.15</u> (emphasis added). Request for further clarification via definition of "carry(ing, ier)," denied.

Non-viable "verdict" and "judgment" on both charges. <u>R.675.15</u>, <u>R.676.12</u>,

---

<u>R.675.14</u>, <u>R.676.11</u>.

Appeal Bonds filed. <u>R.675.12, .13</u>, <u>R.676.21, .20</u>.

<u>County court – on appeal/trial de novo.</u>

No Notice, of course.

CCL Number 5 is apparently proceeding on "complaint only."

In response to court setting, STEVENS filed his Special Appearance and Plea to the Jurisdiction. <u>R.675.122</u>. Denied. <u>R.675.228, .229</u>.

Interlocutory Appeal initiated. <u>R.675.230</u>.

## JP Court Disposition

STEVENS was "convicted" of both "transportation" "charges." Fines and costs of $277 and $310.10.

That matter is, of course, vacated as a matter of law per the "appeal" for trial de novo.

## County Court Disposition

Special Appearance denied. Plea to the Jurisdiction denied.

## No Oral Argument Requested

Oral argument is not expected to aid in the resolution of these issues.

---

**No Notice. No commercial nexus.**

# Issues Presented

<u>No personal jurisdiction</u>

Issue 1:     Was it error to deny the Special Appearance?

<u>No subect matter jurisdiciton</u>

Issue 2:     Was it error to deny the Plea to the Jurisdiction?

## Statement of Facts

### No Evidence

STEVENS very overtly asserts a "no evidence" defense. R.675.34. It matters, then, that STATE filed no response to the paperwork in the JP court or in the County Court, and STATE presented no evidence at either hearing, the one of focus here being the one in the County Court. Tr.all.

As confirmed in the whole of The Record (a generic reference throughout to the combined Records), STATE has no evidence of "transportation." STATE never even tried to prove up such evidence in the JP proceeding, and STATE still has no evidence for trial de novo.

STEVENS was at no time relevant to this matter carrying any passengers or cargo. STEVENS was at no time (1) removing anyone or anything (2) from one place to another (3) for hire (4) under *any* choice of law. R.675.34, .122.

The hearing was very short, and it begs the question of burden of proof. Tr.all. There was no evidence presented, and STATE carries the burden. STEVENS overtly asserted his "no evidence" defense. R.675.34, .122. In response, STATE went completely silent, filing no responsive paperwork and presenting no evidence at the hearing.

---

**No Notice. No commercial nexus.**

## STATE's Facially Insufficient Pleading(s)

STATE has filed no pleading signed by any attorney, much less one with the authority to represent STATE. *Cf.* R.675.27; R.676.38.

The "complaint" alleges legal conclusions but no facts. The terms "transportation," "vehicle," "motor vehicle," "drive," and "operate" are all terms of legal conclusion. As stated under "No Evidence," STATE alleges no facts of passengers, cargo, or hire. And, there are no such facts for STATE *to* allege.

## No Service

As usual, STATE has once again served nothing on Respondent. The Record contains no Citation, no request for Citation, and no Return of Citation.

## Summary of the Argument
## One more time, no evidence

One more time, STATE not only never had any evidence of "transportation" but also never had any intent to supply/provide any.

One more time, STATE not only failed to file a written response to STEVENS's Special Appearance and Plea to the Jurisdiction, which very overtly asserts his "no evidence" defense, but also failed to present any jurisdictional evidence whatsoever at the hearing.

**No Notice. No commercial nexus.**

One more time, the trial court relieved STATE of its evidentiary burden.

STATE has **no evidence** and no intent even to think about gathering such, much less proving, that STEVENS (1) removed anyone or anything, (2) from one place to another, (3) for hire, (4) under *any* choice of law, including "this state." There being **no evidence** of "transportation," there is also **no evidence** of any "vehicle," "motor vehicle," "driver," *or* "operator."

One more time, STATE has no intent to prove "transportation," and one more time, the trial court is willfully relieving STATE of its burden, thereby causing vexatious expansion of the litigation.

## One more time, no personal jurisdiction

<u>One more time, no competent pleading.</u>

STATE has filed no pleading but only a "complaint," which is neither signed by an attorney nor sufficient as an Affidavit, being based on "belief" and legal conclusions instead of facts within personal knowledge.

<u>One more time, no Service.</u>

Clearly, STATE still feels it's relieved of its Due Process burden. The very solid and resounding confirmation of the "civil" nature of this matter (these matters) may actually operate to snap STATE out of its daydream of being totally irresponsible regarding Due Process.

**No Notice.  No commercial nexus.**

## One more time, no subject matter jurisdiction

One more time, no standing.

There being no "transportation," STATE had no "actual grievance" or any "injury in fact;" hence, no standing.

## Fortunately, the stay is automatic

To encourage mitigation of damages, the courts need to encourage Interlocutory Appeal. The automatic stay associated with *appeal* protects these rebellious, law-defiant trial judges from themselves (to the extent that's possible). Judges without jurisdiction have no immunity.

## Argument

## No Personal Jurisdiction

Issue 1:     Was it error to deny the Special Appearance?

R.675.228, .229. R.675.122.

STATE filed no original pleading.

NOTHING SIGNED BY AN ATTORNEY FOR STATE.

While sworn documents may certainly suffice as original pleadings, it's also the case that for *STATE* to be a Plaintiff, STATE has to have an attorney.

No Notice.  No commercial nexus.

*Rowland*, 506 U.S. at 201-03 (all artificial entities must have counsel—federal); TEX. R. CIV. P. 7 (corporations must have counsel—state); *Kuntoplast of Am., Inc.* (same); *Computize, Inc.* (same); *Moore* (same); *Dell Dev. Corp.* (same); *Globe Leasing, Inc.*, 437 S.W.2d at 45-46 (same); ABA MODEL RULES OF PROF'L CONDUCT R. 3.7 (material witness can't also be attorney of Record); TEX. DISCIPLINARY RS. PROF'L CONDUCT 3.08, 5.05 (same, plus facilitating unauthorized practice); *Garcetti v. Ceballos* (ethics still matter; "whistleblower" lawyer who testifies against client (STATE) is fortunate still to have license, much less job).

This Record includes absolutely no such document.

## NO AFFIDAVIT.

"Belief" does not an Affidavit make. *E.g.*, *Industrial State Bank*, 493 S.W.2d at 295; *Sydnor*. "Belief" is the popular standard for "probable cause," R.675.27, R.676.38, but this is a "civil" matter.

## STATE served no original pleading.

There is no original petition; leaving Service impossible, anyway. There is no Citation; there is no Return of Citation. TEX. RS. CIV. P. 99-117a.

To date, STATE has served nothing on Respondent. By acknowledging the content of the Record(s) on appeal, Respondent acknowledges quasi-receipt, but

---

Appellant's Brief (STEVENS)                                                    5
**No Notice.  No commercial nexus.**

not Service, of anything. *Wilson*, 800 S.W.2d at 837 ("Dunn has admitted *receipt, not service.*") (emphasis in the original). *Cf. In re E.R.*, 335 S.W.3d 816, 826 (dissent, J. MURPHY) (question of legitimacy of service by publication). "As in *Peace,* the court noted that actual notice to a defendant of a pending suit, without [']proper notice,['] is not sufficient. *Id.*" *In re E.R.*, 335 S.W.3d at 832 (dissent, J. MURPHY) (citing *Velasco*, via the *"id.,"* and *Peace*). "As *McEwen* illustrates, the trial court can render a final judgment even if it lacks personal jurisdiction—the judgment is void if challenged, but it is no less final." *In re Vlasak*, 141 S.W.3d at 237-38.

To satisfy Due Process, STATE must serve at a meaningful time, in a meaningful manner, on a respondent a copy of what STATE has filed. A pleading has meaning sometime *after* it's been *filed,* not before. *Murphy Bros., Inc.* (timing and sequence matter regarding filing and serving; thus, a "ticket" isn't a pleading). And, a pleading has meaning sometime *after* it's been *served,* not before. *Lloyd,* 5 U.S. at 366 ("A citation not served is as no citation.").

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.

*Mullane,* 339 U.S. at 314. A failure of Notice violates "the most rudimentary demands of due process of law." *Armstrong,* 380 U.S. at 550 (Notice, meaningful

**No Notice.  No commercial nexus.**

time, meaningful manner. 380 U.S. at 552). *See also Milliken* (Notice, opportunity to be heard, fair play, substantial justice); *Int'l Shoe* (Notice, opportunity to be heard); *Sniadach* (Notice, opportunity to be heard); *Fuentes v. Shevin* (Notice, meaningful time); *N. Ga. Finishing* (Notice, opportunity to be heard, even for corporations (i.e., the shareholders)); *Burns* (Notice, opportunity to be heard, on upward departure); *Hamdi* (denial of access and of opportunity to be heard); *Jones* (Notice, opportunity to be heard).

## Not liable in capacity charged – no commercial nexus.

STATE does not allege, and cannot truthfully allege, that Respondent was acting as a fiduciary with respect to the "transportation" system at any time.

There's one and only one way that the Transportation Code works: "federally," as in "by agreement." How do we know? Because it's codified outside the Penal Code.

Given that STATE purports to be able to pursue "criminal" charges arising from the Transp. Code, it follows that the agreement must sound in trust. Agreements come in only two generic forms: contracts and trusts. And, breach of contract just simply isn't punishable "criminally." TEX. FIN. CODE § 392.301(a) (prohibited debt collection practices); *Brown*, 718 S.W.2d at 680-81 (applying TEX. REV. CIV. STAT. ANN. art. 5069-11.02 (1986)) (charging debtor with theft of

---

**No Notice.  No commercial nexus.**

the collateral (the car) is a prohibited debt collection practice); TEX. PENAL CODE (no crime based on mere breach of contract); *cf. Bailey* (breach of contract can't be, and wasn't, criminalized); *accord Berheide*, 421 F.3d at 540 ("[B]reach of contract is not a crime."). That leaves breach of trust. *See* TEX. PENAL CODE § 32.43 (commercial bribery) (i.e., criminal breach of trust).

STATE alleges no trust relationship. Since that's the only capacity in which *anyone* may *ever* be subject to any Transp. Code based claim, Respondent is not liable in the capacity sued, as confessed by not only the absence of any competent pleading but also the absence of such content in the "complaint." R.675.27.

### "Complaint" asserts only legal conclusions.

As with "belief," addressed, *supra*, legal conclusions aren't facts, either. *Cf. Zheng*, 468 S.W.3d at 186 (construing Tex. R. Civ. P. 91a, likening it to Fed. R. Civ. P. 12(b)(6), and citing *GoDaddy.com, LLC*, 429 S.W.3d at 754, which cites *Iqbal*, 556 U.S. at 678-79 and *Twombly*, 550 U.S. at 555-56).

What are the legal conclusions? The following terms are legal conclusions.

### WHAT DOES "TRANSPORTATION" MEAN? THE ELEMENTS.

Per *Lozman*, (1) carrying (2) passengers or cargo.

Per BLACK'S, et al., (1) removing people and/or property (2) from one place to another (3) for hire (4) in "this state."

---

**No Notice.  No commercial nexus.**

## Removing people and/or property.

Transp. Act of 1940, 54 Stat. 898, 929, 49 U.S.C. § 902(i)(1), in particular § 302(i)(1). *Cornell Steam-boat*, 321 U.S. at 641-42 (Frankfurter, J., dissent). *Cf. Lozman* (passengers or cargo).

## From one place to another.

*Cf. Maynard* (context: unlawful "transportation" of intoxicating liquor). *Cf. Lozman.*

> **transportation,** *n.* (16c) **1.** The movement of goods or persons from one place to another by a carrier. ... .

BLACK'S LAW DICTIONARY 1638 (9th ed. 2009) (all emphasis in original).

## ** For hire. **

*See Lozman*, Part IV ("carrying passengers or cargo").

*St. Clair Cnty*, 192 U.S. at 456-57 (allegations regarding operating a ferry without a license). *See also Cosio*, 182 S.W. at 85.

> Again, there's BLACK'S LAW DICTIONARY.

> **transportation,** *n.* (16c) **1.** The movement of goods or persons from one place to another by a carrier. ... .

BLACK'S LAW DICTIONARY 1638 (all emphasis in original).

> **carrier. 1.** an individual or organization (such as a ship-owner, a railroad, or an airline) that contracts to transport passengers or goods *for a fee*. Cf. SHIPPER. [Cases: Carrier ∘– 3, 235.] ... .

---

Appellant's Brief (STEVENS)                                                                 9

*Id.* at 242 (*emphasis* added).

### Under the choice of law of the "place" called "this state."

Where "hire" is be paid with "funny money" (US "dollars," federal reserve notes), this element is satisfied. There is **no evidence** of "hire" using *any* medium of exchange, much less any exchange of "funny money," in *any* amount.

### NO EVIDENCE – WHICH WOULD LOOK/SOUND LIKE THIS.

There was no carrying of any passenger or cargo. There was no passenger, no cargo, and no hire. There was no passenger manifest, no bill of lading, and no hire. None was even inquired into at the time of the stop. There was no "transportation," thus all terms dependent on "transportation" also fail.

### WHAT DOES "VEHICLE" MEAN? THE ELEMENTS.

TRANSP. §§ 502.001(45), 503.001(15), 541.201(23), 621.001(9), 750.003(a).

(1) Conveyance (2) used for (not coulda, shoulda, woulda used for, but actually used for) (3) transporting or drawing (4) along a highway.

(1) Conveyance (2) used for (not coulda, shoulda, woulda used for, but actually used for) (3)(A) removing people and/or property (B) from one place to another (C) for hire (D) in "this state") (4) along a highway.

*Lozman* struck the "coulda, shoulda, woulda" concept from "transportation"

**No Notice. No commercial nexus.**

(or "vessel"). His floating house "coulda, shoulda, woulda" been a "vessel," i.e., engaged in "transportation," but he never actually used it that way.

Since "vehicle" depends on "transportation," there is no "vehicle," because there is no "transportation."

### WHAT DOES "MOTOR VEHICLE" MEAN? THE ELEMENTS.

TRANSP. §§ 501.002(17), 502.001(25), 522.003(21), 541.201(11), 601.002(5), 621.001(5), 642.001(1), 647.001(4), 683.001(4), 728.001(2).

(1) "Vehicle" (2) that has a motor.

(1)(A) Conveyance (B) used for (not coulda, shoulda, woulda used for, but actually used for) (C) transporting or drawing (D) along a highway, (2) with a motor.

(1)(A) Conveyance (B) used for (not coulda, shoulda, woulda used for, but actually used for) (C)(1) removing people and/or property (2) from one place to another (3) for hire (4) in "this state" (D) along a highway, (2) with a motor.

Since "motor vehicle" depends on "vehicle," which depends on "transportation," there is no "motor vehicle," because there is no "transportation."

**No Notice. No commercial nexus.**

## WHAT DOES "DRIVE" (IN ITS VARIOUS GRAMMATICAL FORMS) MEAN? THE ELEMENTS.

TRANSP. CODE § 522.003(11).

(I.) Being behind the wheel (II.) of a "motor vehicle."

The *sole* definition for "drive" in the entire "transportation" code is found in the *"commercial* driver's license" chapter, Ch. 522.

(I.) Being behind the wheel (II.) of a (1) "vehicle" (2) that has a motor.

(I.) Being behind the wheel (II.) of a (1)(A) conveyance (B) used for (not coulda, shoulda, woulda used for, but actually used for) (C) transporting or drawing (D) along a highway, (2) that has a motor.

(I.) Being behind the wheel (II.) of a (1)(A) conveyance (B) used for (not coulda, shoulda, woulda used for, but actually used for) (C)(1) removing people and/or property (2) from one place to another (3) for hire (4) in "this state" (D) along a highway, (2) that has a motor.

Since "drive" depends on "motor vehicle," which depends on "vehicle," which depends on "transportation," there is no "driv[ing]," because there is no "transportation."

Moreover, where there's no "driv[ing]," then no "drive[r's] license" needed.

---

Appellant's Brief (STEVENS)                                                          12
**No Notice.  No commercial nexus.**

## WHAT DOES "OPERATE" (IN ITS VARIOUS GRAMMATICAL FORMS) MEAN? THE ELEMENTS.

TRANSP. § 541.001(1) (operator – a very confused definition; "drives," having meaning only with respect to a *"motor vehicle,"* is juxtaposed with "physical control of a *vehicle*"), § 601.002(8) (operator), § 641.002(2) (operator), § 647.001(5) (operator), § 724.001(11) (operate).

(I.) Being behind the wheel (II.) of a (A) "vehicle" or (B) "motor vehicle."

(I.) Being behind the wheel (II.) of a (A)(1) conveyance (2) used for (not coulda, shoulda, woulda used for, but actually used for) (3)(A) removing people and/or property (B) from one place to another (C) for hire (D) in "this state") (4) along a highway, or (B) "motor vehicle."

(I.) Being behind the wheel (II.) of a (A)(1) conveyance (2) used for (not coulda, shoulda, woulda used for, but actually used for) (3)(a) removing people and/or property (b) from one place to another (c) for hire (d) in "this state") (4) along a highway, or (B)(1)(a) conveyance (b) used for (not coulda, shoulda, woulda used for, but actually used for) (c)(1) removing people and/or property (2) from one place to another (3) for hire (4) in "this state" (d) along a highway, (2) with a motor.

Since "operate" depends on both "vehicle" and "motor vehicle," there is no "operating," because there is no "transportation."

---

**If STATE would serve a pleading so that such could be addressed, it'd be plain that STATE has never pled a claim.**

Given the habitual lack of service, it's difficult to address the content, but, to address the non-served document in this Record (these Records), it's very plain that all STATE has ever alleged in it's "complaints" has been legal conclusions rather than facts. STATE has no such facts to plead, here, and proved by STATE's silence in the hearing. Tr.all.

**Lack of Notice goes *beyond* just lack of personal jurisdiction.**

Where there's no pleading filed or served, all that exists is a non-case. *Cf. Austin* (Blackmun, J., dissent); *Deposit Guaranty Nat'l Bank*, 445 U.S. at 353 (Powell, J., and Stewart, J., dissent); *Williams*, 472 U.S. at 36 (dissent) (citing *Austin*). Some matters, just like the ones at bar, never stop being non-cases. *Cf. Rockwell Int'l Corp.* (the final pre-trial order confirmed that this was a non-case).

**In short, all that is in the making here is a void judgment.**

No valid adjudication may be made without personal jurisdiction. *See Milliken* (the Wyoming judgment was valid because service was valid; hence, the Wyoming court *did* have personal jurisdiction).

> [I]t has been settled, that a judgment depending upon proceedings in personam can have no force as to one on whom there has been no service of process, actual or constructive; who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such a

**No Notice. No commercial nexus.**

judgment is absolutely void ....

*Harris,* 55 U.S. at 339 (cited in *Commercial Equip.,* 678 S.W.2d at 918, which holds that even a default judgment is void where there is no service). *See also Peralta* (even "meritorious defense" issue is irrelevant to question of Notice); *Lloyd* ("A citation not served is as no citation."); *Hamdi* (habeas proceeding, which is, of course, a CIVIL proceeding); *Int'l Shoe; Mullane; Armstrong,* 380 U.S. at 552; *Sniadach; Boddie; Fuentes v. Shevin; N. Ga. Finishing;* and *Jones.*

STATE has yet to *serve* anything.

No Notice, including no Service?—no personal jurisdiction.

## No Subject Matter Jurisdiction

**Issue 2: Was it error to deny the Plea to the Jurisdiction?**

R.675.228, .229. R.675.122.

No pleading.

*See* Issue 1. There simply is no document activating any court's (civil) jurisdiction. STATE has not shown up by counsel from Day One. R.675.27, R.676.38.

---

Appellant's Brief (STEVENS) 15

**No Notice. No commercial nexus.**

## No standing.

STATE never had any "actual grievance," for STEVENS was never engaged in "transportation."  The Record.

## STATE's silence from the threshold.

STATE went completely silent to STEVENS's Spec. Appearance – nothing filed; nothing argued; **no evidence**.  Since STATE has a duty to prove standing, and since STATE failed to respond to STEVENS's threshold jurisdictional challenge, STATE confessed having no standing from Day One.

## There's no evidence of "transportation."

*See* Issue 1.

> "No evidence" points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller*, 168 S.W.3d at 810 (quoting CALVERT, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. at 362-63).

The relevant concepts are (a) and (d).

Going deeper into the definition – "transport."

"Vehicle" uses the term "transport." Is "transport" different from "transportation" materially or just grammatically? What do "transport" and "draw" mean? "Draw" *can't* have a wider scope than "transport," for all the reasons that "transport" is limited to the commercial context.

## BLACK'S LAW DICTIONARY.

Regarding "transport," Black's 9th ed. removes the original judicial cites. [1] Black's 5th ed. cites *Sacramento Navigation Co. v. Salz.* "To transport means to convey or carry from one place to another[.]" *Salz*, 273 U.S. at 329. Note that the "transport" activity was *for hire*.

## WEBSTER'S DICTIONARY 1828.

To get still earlier, let's look at Webster's Dictionary of 1828.

**TRANSPÖRT**, *v. t.* [L. *transporto* ; *trans* and *porto*, to carry.]

1.     To carry or convey from one place to another, either by means of beasts or vehicle on land, or by ships in water, or by balloons in air ; as, *to transport* the baggage of an army; *to transport* goods from one country to another; *to transport* troops over a river.

2.     To carry into banishment, as a criminal. Criminals are *transported* as a punishment for their crimes, which often amounts to banishment.

---

[1] Also, the 9th ed. doesn't define "travel" at all.

Appellant's Brief (STEVENS)                                                                    17
**No Notice.  No commercial nexus.**

3.    To hurry or carry away by violence of passion.
They laugh as if *transported* with some fit Of passion.  *Milton.*

4.    To ravish with pleasure ; to bear away the soul in ecstasy ; as, to be *transported* with joy.  *Milton.*

5.    To remove from one place to another, as a ship by means of hawsers and anchors.  *Mar. Dict.*


**TRANS'PÖRT,** *n.*

[1.]  Transportation ; carriage ; conveyance.

The Romans stipulated with the Carthaginians to furnish them with ships for *transport* and war.  *Arbuthnot.*

2.    A ship or vessel employed for carrying soldiers, warlike stores or provisions from one place to another, or to convey convicts to the place of their destination.

3.    Rapture ; ecstasy.  The news of victory was received with *transports* of joy.

4.    A convict transported or sentenced to exile.


**TRANSPORTA'TION,** *n.*

[1.]  The act of carrying or conveying from one place to another, either on beasts or in vehicles, by land or water, or in air.  Goods in Asia are *transported* on camels ; in Europe and America, either on beasts or on carriages or sleds.  But *transportation* by water is the great means of commercial intercourse.

2.    Banishment for felony.

3.    Transmission ; conveyance.  *Dryden.*

---

**No Notice.  No commercial nexus.**

4.      Transport ; ecstasy. [*Little used.*] *South.*

5.      Removal from one country to another ; as the *transportation* of plants.

In short, as of 1828, "transport" and "transportation" differed only grammatically.

## *HINTON.*

> **Transport means to "transfer or convey from one person or place to another: to CARRY, MOVE."** [Webster's Third] at 2430. By bringing his package to the post office and beginning the mailing process, Hinton definitely caused the package to be *transported by the United States postal system*. Consequently, Hinton shipped the package as that term is used in § 922(g)(1) & (2).

*Hinton*, 222 F.3d at 672 (emphasis added).  To hammer the obvious, the Post Office does what it does *for hire*.

## *BEARDEN.*

Regarding "transport," we find this rather unique hijacking case.

> Although the district court did define 'extortion,' 'stolen,' and 'kidnap,' as to the other elements of counts one and three it merely read to the jury the statutory language of these counts. This was not sufficient.  The jury could have found that appellant himself was transported, (n.10 omitted) rather than doing the transporting himself. **The jury should have been instructed that in order for appellant to have 'transported' the plane and passengers** he must have been in actual control or command of the aircraft and that the acts of the crew were not of their own volition but done at his direction.

**No Notice.  No commercial nexus.**

*Bearden*, 320 F.2d at 103 (emphasis added). "Transport" is used in the maritime context, and it's inextricably associated with commercial activity, here "passengers," in particular, the intent to interfere with normal commercial, "for hire" activities.

## A BROAD DEFINITION, AND THE REASON FOR SUCH.

"The term 'transport' means to move, convey, carry, or ship by any means, or to deliver or receive for the purpose of movement, conveyance, carriage, or shipment." 16 U.S.C. § 3371(k).

*Michigan*, 911 F. Supp. 2d at 765. This definition intends to control the illegal taking of fish and wildlife; hence, the widest possible net around the concept of "theft," which activity is *always* commercial in nature.

## "TRANSPORTS" IN THE CONTEXT OF "FARM LABOR CONTRACTOR."

The commercial intent element for *Marshall*, 459 F. Supp. at 97-98 is overtly supplied in the definition of "farm labor contractor." As the court demonstrates soundly, Mireles (1) removed people *and* property (2) from one place to another *(3) for hire*. "Transport" is used quite interchangeably in various grammatical forms.

---

## "Transports" and Controlled Substances – Distinguishing "How" and "Why."

In the area of controlled substances, there's a "crime" that goes by the name "transportation." *Cf. Lacross.*

Key is this statement: "When defendant was booked, the officers found a [']pay-owe['] sheet among his belongings." *Id.* at 184. This is the lynchpin for that entire matter, because that proves the intent to distribute, i.e., *to sell*, i.e., to make a profit. *How* it's being done (by bicyclist) is quite distinct from *why* it's being done (for commercial gain).

*See also Cuellar.* In *Cuellar*, a money laundering case, hidden in the VW "Bug" was some $81,000. The jury convicted Cuellar, which conviction the Court overturned. "[H]ow one moves the money is distinct from *why* one moves the money. Evidence of the former, standing alone, is not sufficient to prove the latter." *Id.* at 556. In *Lacross*, 91 Cal. App. 4th at 185-87, the California court details the "why." Key is the unwritten presumption of "commercial intent."

This *presumption of commercial intent* is *exactly* the same concept that permeates the (Tex.) Transp. Code. Respondent's defense is, **"I'm not in "transportation."** That overtly rebuts the unwritten presumption.

It's not *how* one gets from here to there that is subject to STATE regulation; it's *why*. *How* is "by car." *Why* includes commercial motive, i.e., whether it's *"for*

---

**No Notice. No commercial nexus.**

*hire*" or not. The Transp. Code exists to regulate *only* the "*for hire*" segment of that activity. STATE presented **no evidence** of hire (*or* passenger *or* cargo).

### "TRANSPORTS" AND TAXES.

*Alalunga Sport Fishers*, refers to *Dragich*. *Lozman* renders manifest the semantics in this statement from *Dragich*: "[A]ll vessels are used for conveyance of either property or persons or both." *Dragich*, 30 Cal.App.2d at 399. Here's that quote in a bit more context.

> It is at once apparent that said section was not intended to exempt all vessels of the specified tonnage but only those "engaged in the transportation of freight or passengers". This phrase must be given some meaning. If it be given the broad meaning contended for by respondents, it would only be necessary that the vessel be used for the conveyance of property or persons. But to give this phrase such meaning would be to render it meaningless as **all vessels are used for the conveyance of either property or persons or both.**

*Id.* (emphasis added).

Given the truism that "all vessels are used for **_conveyance_** of either property or persons or both," what *Lozman* makes manifest is the material difference between the *how* and the *why*. Conveying *how* is "by floating house;" conveying *why* distinguishes "persons or property" (non-commercial) from "passengers or cargo" (commercial). Part IV of *Lozman* is all about the *why*, and, per *Lozman*, that *why* (commercial intent) element, is "built into" the very definition of

---

**No Notice. No commercial nexus.**

"transportation." Without commercial intent, there simply is no "transportation."

The *Dragich* intent element is *"for hire."* The fishing vessel carried property (the fish), and the fisherman definitely intended to profit from that fishing activity. However, because that vessel wasn't hired for the specific purpose of carrying that fish from sea to shore, that fish wasn't "freight" or "cargo;" hence, no tax exemption, after all. *See Dragich*, 30 Cal. App. 2d at 399-400.

*Alalunga Sport Fishers*, 247 Cal. App. 2d at 667-68, cites *Dragich* and defines "transportation" as commercial activity. The point here is that the commercial intent element in *Alalugna Sport Fishers*, citing *Dragich*, is "for hire," and, key, *without* such commercial intent, there simply is, **by definition**, no "transportation."

## "TRANSPORTS" AND PROHIBITION-ERA INTOXICATING LIQUORS.

In *Hammell*, there being **no evidence** of "transporting" ("for hire") via any automobile (or truck), the majority focused on the only (other) activity involving (1) removing liquor (2) from one place to another: Hammell's traipse across the back yard. The majority determined that such activity wasn't actually from one "place" to another, per the definitions of "place" and "another." Since (2) failed, that ended the analysis, mooting the need to analyze (3) for *any* commercial intent.

---

**No Notice. No commercial nexus.**

## "TRANSPORTS" AND CONCEALED WEAPONS.

TEXAS distinguishes "transportation" and "travel." TEX. PENAL CODE § 46.15(b)(3)).

## IN SUM, THE TRANSP. CODE REGULATES COMMERCE *ONLY*.

"Transport" and "draw" *have* to be construed *within* the confines of that commercial context. *How* (e.g., by car) *isn't* either the beginning or end of the analysis, and *why* (**for hire**) *is* both the beginning *and* the end. STATE doesn't regulate "travel:" (A) removing people (and their property) (B) from one place to another. STATE regulates "transport," "transporting," "transportation," i.e., (1) removing people and/or property (2) from one place to another (3) for hire [(4) in "this state."].

*Everything* about the Transp. Code is construed properly when understood *within* its commercial context. *"How"* (e.g., by car) *isn't* either the beginning or end of the analysis, while *"why"* (for hire) *is* both the beginning *and* the end. STATE doesn't regulate "travel," which is (1) removing people and/or property (2) from one place to another. STATE regulates "transport," "transporting," "transportation," i.e., (1) removing people and/or property (2) from one place to another *(3) for hire* (4) in "this state."

---

Appellant's Brief (STEVENS)                                          24
**No Notice.  No commercial nexus.**

The algebraic dependence of these other terms on "transportation."

*See* Issue 1.

Until there is evidence of "transportation," i.e., the removing of someone ("passenger") and/or something ("cargo") from one place to another *for hire*, *cf.* *Lozman*, there is *no* "vehicle," *no* "driver," *no* "motor vehicle," **and** *no* "operator," as a matter of law.

In sum, STATE has never had any "actual grievance," *Tex. Dept. of Parks & Wildlife v. Miranda* (standing, plaintiff must show "actual grievance"), i.e., never had any "injury in fact," *Heckman*, 369 S.W.3d at 154-55 (citing *Lujan,* 504 U.S. at 560-61), which means that the county court has no subject matter jurisdiction. The "ruling" is void.

Subject matter jurisdiction can't be "agreed to."

It's ancient that the parties cannot, by agreement or consent, confer jurisdiction on any trial court. *Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d at 224-25; *Dubai Petroleum Co.,* 12 S.W.3d at 74-77 (Part II) (citing *Fed. Underwriters Exch.,* 141 Tex. at 541, 174 S.W.2d at 600).

Relieving STATE of Burden; Irrebuttable presumptions.

By doing anything but dismissing, the JP court and now the County Court

---

**No Notice.  No commercial nexus.**

have relieved STATE of its burden. *Cf. Scott* (summary judgment, video of car chase relevant) (citing *Diebold*, 369 U.S. at 655; *Anderson*, 477 U.S. at 255) (summary judgment presumptions are **against** movant); *Sandstrom* (presumption that shifted burden of persuasion on culpable mental state violated Due Process); *Mullaney* (citing *In re Winship*) (to relieve plaintiff of burden is to violate Due Process); *Heiner*.

See also *Brown*, 122 S.W.3d at 799 (burden-shifting nature of mandatory presumptions – homicide context); *Pennock*, 725 S.W.2d at 415-18 (jury instruction on intent, in full context of case, established impermissible presumption causing egregious harm); *Hall*, 661 S.W.3d at 104 (citing several cases, including *County Court of Ulster County*, *Leary*; *Tot*, *Sandstrom*; *Johnson*; and *Mullaney* – obscenity context – ultimately finding no improper presumption regarding Hall).

## Use of irrebuttable presumptions violates Due Process.

Despite STATE's **total** lack of evidence, the county court **presumed** commercial intent. Tr.all. In other words, so far, the **presumption** of commercial intent has been rendered irrebuttable, which burden-shifting perspective flatly and flagrantly violates Due Process. *See Elkins*; *Salfi*, (in particular part III, which distinguishes *Salfi*); *Cleveland Bd. of Educ.*; *Vlandis*; *Stanley*.

---

**No Notice.  No commercial nexus.**

## The rulings are void.

> Lack of subject matter jurisdiction renders a judgment void, rather than merely voidable, so that it may be challenged either directly or collaterally. *See and compare, Browning v. Placke*, 698 S.W.2d 362 (Tex. 1985) (on collateral attack judgment was not shown to have been rendered by a court without jurisdiction). Subject matter jurisdiction is essential to the authority of a court to decide a case; it is never presumed and cannot be waived. *Tex. Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993). When a trial court lacks subject matter jurisdiction, it has no discretion and must dismiss the case as a ministerial act. *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426 (Tex. App. – Dallas 1987, orig. proc.).

*Miller*, 872 S.W.2d at 346.

*See also Bland Indep. Sch. Dist.*, 34 S.W.3d at 553-54; *Mapco, Inc.*, 795 S.W.2d at 703.

As STEVENS asserted from the outset, all that has been produced here is a void judgment.

## Request for Relief

STEVENS requests that this Court

- Confirm that "transportation" means removing people and/or property from one place to another for hire, i.e., carrying passengers or cargo (for a fee), in "this state."

- Confirm that "vehicle" means a conveyance of some sort *actually used* for "transportation."

---

Appellant's Brief (STEVENS)                                                                 27
**No Notice.  No commercial nexus.**

- Confirm that "motor vehicle" means a "vehicle" with a motor.

- Confirm that "drive" means being behind the wheel of a "motor vehicle."

- Confirm that "operate" means being behind the wheel of a "(motor) vehicle."

- Declare that STATE tendered **no evidence** of "transportation."

- Declare that STATE never satisfied threshold Notice requirements.

- Declare that STATE never proved standing.

- Declare that STEVENS is not liable in the "Capacity" charged.

- Confirm that the rulings are void;

- Vacate the county court's rulings and dismiss.

- Order all Bond amounts returned to STEVENS, with maximum lawful interest to the day of the payment;

- Order STATE to reimburse STEVENS for all relevant costs; and

- Award any and all other relief, at law, in equity, or sui generis, to which STEVENS may show himself justly entitled.

Respectfully submitted,

/s/ Jerry Stevens
GERALD STEVENS
3117 Fontana Drive
Austin, Texas 78704

**No Notice.  No commercial nexus.**

## Certificate of Service

By my signature below, I certify that on or about the __23d__ day of November, 2015, I served a true and correct copy of this Brief with its Appendix, either in paper or electronic form, on the following by certified mail or by 3-day or faster delivery:

TRAVIS COUNTY ATTORNEY
P.O. Box 1748
Austin, TX  78767


DANA DeBEAUVOIR, Clerk
COUNTY COURT AT LAW
   NUMBER 5
P.O. Box 1748
Austin, TX  78767

/s/ Jerry Stevens
GERALD STEVENS


## Certificate of Compliance

By my signature below, I certify that the font for the body is at least 14-point, Times New Roman, that the footnotes are at least 14-point, Times New Roman, and that headings are 14-point, Times New Roman or Arial, and that the word count of this Brief, per section and total, including headings and footnotes, is as follows:

| | |
|---|---|
| Statement of Facts | 290. |
| Summary | 338. |
| Argument, Conclusion | 4,777. |
| | 5,405. |

/s/ Jerry Stevens
GERALD STEVENS

**No Notice.  No commercial nexus.**

# Appendix Contents

## County Court

Rulings (2 pgs)...............................................................................A-1

Transcript (5 pgs).........................................................................A-3

## Index (to .pdf file page numbers of Record(s))

JP Documents (most not filed into JP Record)
Page sequence is very unrelated to chronology.

| | R.675 | R.676 |
|---|---|---|
| Cover | (-100025) 1 | (-100026) 1 |
| County Court's Index | (-100025) 2 | (-100026) 2 |
| Caption | (-100025) 4 | (-100026) 4 |
| [Gonzales page ??? | 5] | |
| JP Appeal Receipt | (-6974) 6 | (-6973) 5 |
| JP Case Summary | (-6974) 7 | (-6973) 6 |
| File jacket notes | (-6974) 9 | (-6973) 8 |
| Receipt for Appeal Bond | (-6974) 12 | 21 |
| Receipt for Appeal Bond | (-6973) 13 | 20 |
| Non-viable "judgment" | (-6974) 14 | (-6973) 11 |
| Non-viable "verdict" | (-6974) 15 | (-6973) 12 |
| Jury Charge | | (both) 13 |
| Objection to Visiting Judgment (denied) | | (both) 17 |
| Order Granting STATE's M/Limine | | (both) 18 |
| Non-viable Discovery Compliance Receipt | | (both) 19 |
| Standing Evidentiary Objections | | (both) 22 |
| Special Appearance and Trial-time M/Dismiss | (both) 16 | |
| Spec. Appear. and Trial-time M/Dir.Verdict | (both) 20 | |
| Jury Trial Notice | (both) 24 | |
| Unserved Subpoena for Trooper DOLLAHITE | (-6974) 25 | (-6973) 36 |
| Undated email to DOLLAHITE | (both) 26 | 37 |
| Dated email to DOLLAHITE | | (both) 34 |
| "Complaint" | (-6974) 27 | (-6973) 38 |
| Affid. for Warrant | (-6974) 28 | (-6973) 39 |
| Reply Form | 29 | |

**No Notice.  No commercial nexus.**

| | R.675 | R.676 |
|---|---|---|
| Fine Schedule | 30 | |
| Pre-trial Notice | (-6974) 31 | (-6973) 40 |
| Case History Summary | 32 | |
| Pre-trial Notice | (both) 33 | 47 |
| Special Appearance and Plea to the Jurisdiction | (both) 34 | |
| Notice of Submission – Spec. Appear. and Plea/Juris | | (both) 48 |
| Order Denying Spec. Appear. and Plea/Juris | | (both) 41 |
| Public Information Request | 107 | 50 |
| Envelope | 109 | 52 |
| Public Information Request (again) | 110 | |
| Envelope (again) | 112 | |
| Court's Response to PIRs | | (both) 42 |
| (and again) | | (both) 44 |
| Appeal Bond | (-6974) 113 | (-6973) 53 |

| County Court documents | R.675 | R.676 |
|---|---|---|
| Receipt (County Court) Appeal Bond | (-100025) 114 | (-100026) 54 |
| Announcement Notice | (both) 115 | 55 |
| Ticket | | (both) 56 |
| Waiver of Representation | (both) 116 | 89 |
| Notice of Submission, Spec. Appear, Plea/Juris | (both) 120 | 93 |
| Special Appearance and Plea to the Jurisdiction | (both) 122 | 57 |
| Proposed Order (Spec. Appear. and Plea/Juris) | | (both) 95 |
| Standing Assertion of Rights | (both) 154 | 97 |
| Standing Objection to Non-judicial Decision-making | (both) 156 | 99 |
| Standing Objection to Use of Private Law | (both) 158 | 101 |
| Statutory Challenges | (both) 160 | 103 |
| Notice of Submission of Statutory Challenges | (both) 196 | 133 |
| Proposed Order (Stat. Challenges) | (both) 198 | 140 |
| Motion for Summary Judgment | (both) 200 | 142 |
| Notice of Submission (M/Sum J) | (both) 219 | 160 |
| Proposed Order (M/Sum J) | (both) 221 | 162 |
| Proposed Order (Spec. Appear and Plea/Juris) | 223 | |
| Subpoena (DOLLAHITE) | (-100025) 225 | |
| Subpoena (DOLLAHITE) | (-100026) 226 | |
| Subpoena (DOLLAHITE) | (-100025) 227 | |

|  | **R.675** | **R.676** |
|---|---|---|
| Order Memorializing Denial of Spec. Appear. and Plea/Juris | (-100025) 228 |  |
| Order Memorializing Denial of Spec. Appear. and Plea/Juris | (-100026) 229 | 164 |
| Notice of Interlocutory Appeal | (both) 230 | 165 |
| Visually vibrating copy of Order Memorializing Denial of Spec. Appear. and Plea/Juris | (-100025) 233 | 168 |
| (Another of the same) | 234 | 169 |
| Transcript of Sept. 15 (2015) hearing (Spec. Appear. and Plea/Juris) | (both) 235 | (vis. vibr.) 170 |
| Notice of Submission – M/Stay | (both) 240 | 175 |
| Proposed Order (M/Stay) | (both) 243 | 178 |
| Notice of Intent to Insist Upon Stay | (both) 245 | 180 |
| M/Stay Accompanying Notice of Appeal | (both) 248 | 183 |
| County's Confirmation of Appeal (goofy case style) | (-100025) 251 | (-100026) 186 |
| File Jacket | (-100025) 252 | (-100026) 187 |
| County Clerk Certificate | (-100025) 253 | (-100026) 188 |

|  | **R.675.Supp.1** | **R.676.Supp.1** |
|---|---|---|
| Cover | (-100025) 1 | (-100026) 1 |
| County Court's Index | (-100025) 2 | (-100026) 2 |
| Caption | (-100025) 3 | (-100026) 3 |
| Note/Description ("SOVEREIGN CITIZEN" – B.S.!) | (-100025) 4 | (-100026) 4 |
| Unserved Subpoena, DOLLAHITE |  | (-100026) 5 |
| County Clerk Certificate | (-100025) 5 | (-100026) 6 |
| Envelope | (CM 8906) 6 | (CM 9071) 7 |

Appellant's Brief (STEVENS)

A-iii

**No Notice.  No commercial nexus.**

Nos. 15-100025, ~~15-100026~~

| STATE OF TEXAS, | § | In The |
| Plaintiff, | § | |
| | § | COUNTY COURT AT LAW |
| V. | § | NO. 5 |
| GERALD STEVENS, | § | |
| Respondent. | § | TRAVIS COUNTY, TEXAS |

## ORDER MEMORIALIZING
## RULINGS IN OPEN COURT DENYING
## RESPONDENT'S SPECIAL APPEARANCE AND PLEA TO THE JURISDICTION

On September 15, 2015, came on for trial this above-styled and numbered matters. The trial was reset, but the court entered rulings on Respondent's Special Appearance and Plea to the Jurisdiction.

The court has denied, of Record, in open court, both Respondent's Special Appearance and his accompanying Plea to the Jurisdiction for each matter.

Therefore, to memorialize the rulings made in open court, it is

ORDERED that Respondent's Special Appearance is denied. It is further

ORDERED that Respondent's Plea to the Jurisdiction is denied.

Signed on this the ___23___ day of ___Sept___, 2015.

Filed For Record
At 11:06 o'clock A. M.
23 day of Sept, 2015
Dana DeBeauvoir
County Clerk, Travis County, Texas

_____
JUDGE PRESIDING

ORDER Memorializing denial in open court of Respondent's Special Appearance and of his Plea to the Jurisdiction

1

Nos. ~~15-100025~~, 15-100026

| STATE OF TEXAS, | § | In The |
| Plaintiff, | § | COUNTY COURT AT LAW |
| V. | § | NO. 5 |
| GERALD STEVENS, | § | |
| Respondent. | § | TRAVIS COUNTY, TEXAS |

## ORDER MEMORIALIZING

## RULINGS IN OPEN COURT DENYING

## RESPONDENT'S SPECIAL APPEARANCE AND
## PLEA TO THE JURISDICTION

On September 15, 2915, came on for trial this above-styled and numbered matters. The trial was reset, but the court entered rulings on Respondent's Special Appearance and Plea to the Jurisdiction.

The court has denied, of Record, in open court, both Respondent's Special Appearance and his accompanying Plea to the Jurisdiction for each matter.

Therefore, to memorialize the rulings made in open court, it is

ORDERED that Respondent's Special Appearance is denied. It is further

ORDERED that Respondent's Plea to the Jurisdiction is denied.

Signed on this the ___23___ day of ___Sept___, 2015.

**Filed For Record**
At 11:00 o'clock A M.
23 day of Sept, 2015
**Dana DeBeauvoir**
**County Clerk, Travis County, Texas**

_____
JUDGE PRESIDING

ORDER Memorializing denial in open court of Respondent's Special Appearance and of his Plea to the Jurisdiction

1      A-2

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NOS: C-1-CR-15-100025 and 15-100026

| STATE OF TEXAS | X | IN THE COUNTY COURT |
| | X | |
| VS: | X | AT LAW NUMBER FIVE |
| | X | |
| GERALD STEVENS | X | TRAVIS COUNTY, TEXAS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BEFORE THE HONORABLE NANCY HOHENGARTEN, JUDGE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**HEARING ON MOTION TO DISMISS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

A P P E A R A N C E S

MR. JAIME FLORES
ASSISTANT COUNTY ATTORNEY
SBOT NO: 24048467
P. O. BOX 1748
AUSTIN, TEXAS 78767
PHONE: (512)854-9415
ATTORNEY FOR THE STATE

MR. GERALD STEVENS
3117 FONTANA DRIVE
AUSTIN, TEXAS 78704
PHONE: (512)970-9728
PRO SE DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 15th day of September, 2015, the following Proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Nancy Hohengarten, Judge presiding, held in Austin, Travis County, Texas:

Proceedings reported by machine shorthand.

# TUESDAY, SEPTEMBER 15, 2015

= = = = =

THE COURT: We're here on Cause Nos. 15-100025 and 15-100026.

Mr. Gerald Stevens is the defendant, and he is here, pro se, representing himself. We have Mr. Flores, who is the prosecutor for the State.

The cases are set on jury today for a trial And at this point they would be No. 4 in terms of the cases that could go to trial.

Mr. Stevens, you wanted to make a request to the Court. You may proceed.

MR. STEVENS: Yes. Under the circumstances, this is the second reset. And I would, at this time, move the Court to grant my special appearance and plea to the jurisdiction and dismiss the case.

THE COURT: Okay. I am going to deny your request because only the State can dismiss the case and I do believe I have statutory jurisdiction over the matter.

I can reset your jury case today if you so desire. Or you can wait and come back and see if there's any movement of the other cases that are set.

MR. STEVENS: Could there be a phone call?

THE COURT: Yes. If you want to give the State your cell phone, they can let you know. Or I can ask

my bailiff to call:

MR. STEVENS: Okay.

THE COURT: Do you want to do that? Do you want to give us a phone number and we'll call you and let you know?

MR. STEVENS: Well, if he didn't get to me, would I have to come back to reset or ==

THE COURT: No. If we get to you, you'd have a trial. But I don't think that's going to happen, honestly, because these cases are == some of them are from 2013, and they've been on my jury docket a lot. One of them == two of them may be in jail; one's already in jail. The other's not far from it. And one guy's from out of state, from Wisconsin. So I think that you will not likely be reached again today.

MR. STEVENS: Okay. Well, then let's reset. What are the options?

THE COURT: The jury dates that I have upcoming are in October, I have October 20 is the next ==

MR. STEVENS: I'm ==

THE COURT: Is that a bad day?

MR. STEVENS: It's a bad day. I plan to be out of town through the 22nd.

THE COURT: Okay. Then the next would be November 3rd.

KAREN VAVRA
(512) 854-9621

MR. STEVENS: What day of the week is that?

THE COURT: It's a Tuesday.

MR. STEVENS: Tuesday, November 3rd. Okay.

THE COURT: All right. We'll set it for November 3 and we'll see you then.

MR. STEVENS: Okay. Thank you.

MR. FLORES: Have you talked to a prosecutor before about any possible resolution?

MR. STEVENS: Yes.

MR. FLORES: And there's nothing == okay. I just wanted to clear that up.

THE COURT: Thank you.

MR. STEVENS: Thank you.

(Proceedings adjourned)

THE STATE OF TEXAS

COUNTY OF TRAVIS

I, Karen Vavra, Official Court Reporter in and for the County Court at Law No. 5, Travis County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me:

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $25.00 and was paid by the defendant:

WITNESS MY OFFICIAL HAND this the 15th day of September, 2015.

_Karen Vavra_

KAREN VAVRA, Texas CSR #3169
Expiration Date: 12/31/15
Official Court Reporter
County Court at Law No. 5
Travis County, Texas
P. O. Box 1748
Austin, Texas 78767
(512)854-9621

**FROM:**

**Gerald Stevens**
**3117 Fontana Dr.**
**Austin TX 78704**

**P**



U.S. POSTAGE
**$5.75**
PM 1-DAY
78745 0006
Date of sale
11/23/15
06 2S00
08259778 SSK

A5065 1240537 T3

# PRIORITY MAIL 1-DAY™

EXPECTED DELIVERY 11/25/2015

**SHIP TO:**

0006

**Third Court of Appeals**
**PO Box 12547**
**Austin, Texas 78711-2547**

PO BOX 12547
AUSTIN TX 78711-2547

## USPS TRACKING NUMBER



9505 5000 2079 5327 0010 39

## VISIT US AT USPS.COM®
### ORDER FREE SUPPLIES ONLINE

